UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CORRIE M. REHMS,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF POST FALLS, et al.,<br><br>    Defendants. | Case No. 2:22-cv-00185-DCN<br><br>**ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Corrie Rehms's Motion to Waive Bond. Dkt. 2. In her Motion, Rehms asks the Court to waive the pre-filing bond requirement under Idaho Code Section 6-610 because she is financially strapped. Alternatively, Rehms asks—in the event the Court does not waive the bond altogether—that any bond be set in a low or nominal amount, not to exceed $250. *Id*. For the reasons set forth below, the Court GRANTS in PART and DENIES in PART the Motion and will require a bond of $500.00.

## II. ANALYSIS

Prior to initiating a lawsuit against a law enforcement officer, Idaho Code Section 6-610(2) requires a plaintiff to post a bond. A court, however, may waive costs, fees, and security for indigents. Idaho Code § 31-3220. If a party files an affidavit stating that he is indigent and unable to pay the costs, fees, and security associated with his case, the court can waive any such monetary amounts if it finds—after informal inquiry—that the party is

ORDER - 1

indigent. *Id*. This statute applies to bonds required under Idaho Code Section 6-610. *Tayson v. Bannock County*, 2012 WL 397734 (D. Idaho 2012).

Rehms has filed an affidavit in conjunction with the filing of the present motion, but it is somewhat difficult to parse through. Dkt. 2-2. For example, Rehms lists her average income over the last 12 months as $3,000 per month, but estimates her income moving forward will only be $1,500 per month. *Id*. at 1. In the section requesting a list of prior employment, Rehms wrote "see attached" but there is no attachment. Dkt. 2-2, at 2. In the section about spousal employment, Rehms wrote "NA. I had to support him always. Him trying to murder me was icing on the cake. Ask Henry." *Id.* Finally, Rehms listed her home's value at just $448.20. *Id*. at 3. In short, there are clearly some errors in the drafting of this affidavit which make it difficult for the Court to reach concrete conclusions about Rehms's financial situation. Counsel for Rehms should have reviewed this document more carefully to ensure it was understandable.

What seems somewhat clear, however, is that Rehms's expenses are greater than her income—$5,600 per month in expenses to $3,000 (or $1,500) in income. *Id*. at 2, 5. This aside, Rehms lists that she has around $16,000 in her various bank accounts. *Id*. at 2. In sum, while Rehms spends more than she makes, it appears that with some diligence she can afford a small bond. Thus, the Court will not waive the bond requirement altogether, but will set a bond in a nominal amount. *See Raymond v. Sloan*, 2013 WL 6405020, at *1 (D. Idaho 2013); *Thiemann v. Donahue*, 2014 WL 2948996, at *1 (D. Idaho 2014).

ORDER - 2

The Court will set a bond at $500.00.[1]

## III. ORDER

1. The Motion to Waive Bond (Dkt. 2) is GRANTED in PART and DENIED in PART as outlined above. The Court grants the motion to the extent it will not require a substantial bond, but denies the motion to the extent that it will waive the bond altogether as requested. Bond is set in the amount of $500.00;

2. Rehms shall secure and post a bond in the sum of $500.00 pursuant to Idaho Code Section 6-610 within seven (7) days from the date of this Order;

3. Rehms shall officially file her Complaint (Dkt. 2-3), and pay the associated filing fee (if she has not already done so), within fourteen (14) days from the date of this Order.

DATED: May 5, 2022

David C. Nye
Chief U.S. District Court Judge

---

[1] The question may arise why the Court requires a nominal bond at all when the amount could never cover litigation expenses—the stated purpose of any bond under Idaho Code Section 6-610. While covering litigation expenses is the primary purpose of any bond under this Section, a bond is also required to ensure "diligent prosecution." Idaho Code 6-610(2). The Court wishes to safeguard the integrity of the legal process and even a nominal bond ensures that a Plaintiff has some "skin in the game." *See* Case No. 2:21-cv-00254 (setting bond at $250.00 for indigent couple with large debt obligations); Case No. 4:21-cv-00211, Dkt. 2 (setting bond at $250.00 for unemployed plaintiff); Case No. 2:20-cv-00349, Dkt. 4 (setting bond amount at $250.00 for unemployed plaintiff whose total family income equaled his expenses).

ORDER - 3