Douglas D. Phelps
PHELPS & ASSOCIATES
2903 N. Stout Road
Spokane, Washington 99206
(509) 892-0467
Attorney for Plaintiff
ISBA#4755

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CORRIE M. REHMS, a single person, | NO. 2:22-cv-00185-DCN |
| Plaintiff, | |
| v. | **COMPLAINT** |
| CITY OF POST FALLS, POST FALLS POLICE DEPARTMENT, CITY OF COUER d'ALENE, COUER d'ALENE POLICE DEPARTMENT, POST FALLS CHIEF OF POLICE PAT KNIGHT, individually and in his official capacity, POST FALLS POLICE OFFICERS CHRISTOFFER CHRISTENSEN, LAUREN PIERSON, all individually and in their official capacity, COUER d'ALENE CHIEF OF POLICE LEE WHITE, individually and in his official capacity, OFFICER NICK KNOLL individually and in his official capacity, KOOTENAI COUNTY, KOOTENAI COUNTY SHERIFF'S DEPARTMENT, KOOTENAI COUNTY SHERIFF BEN WOLFINGER individually and in his official capacity, and JOHN/JANE DOES 1-10 individually and in their official capacity, RIVER CITY ANIMAL HOSPITAL PLLC and JOHN and JANE DOES 11-13, individually and in their official capacities, POST FALLS PROSECUTORS individually and in their official capacity, JOHN and JANE DOES 14-15. | |

COMPLAINT FOR DAMAGES
(REHM v. CITY OF POST FALLS et al.)

Defendants.

COMES NOW Plaintiff CORRIE M. REHMS, by and through his attorney, Douglas D. Phelps of Phelps & Associates, P.S., and Henry D. Madsen of Madsen Law Offices P.C. and for cause of action against the above-entitled defendants alleges as follows:

## I.   INTRODUCTION

1.1      This is a civil action seeking compensatory and punitive damages against the Defendants for false arrest, unlawful imprisonment, malicious          prosecution, slander, outrageous conduct, violations of American with Disabilities Act and for committing acts under color of law, depriving the Plaintiff of rights secured by the United States Constitution and the laws of the United States including the Americans with Disabilities Act and laws of the State of Idaho. Defendants CITY OF POST FALLS, CITY OF COEUR d'ALENE, KOOTENAI COUNTY, CITY OF POST FALLS POLICE DEPARTMENT, POST FALLS CHIEF OF POLICE PAT KNIGHT,KOOTENAI COUNTY SHERIFFS DEPARTMENT, KOOTENAI COUNTY SHERIFF BEN WOLFINGER, COEUR d'ALENE POLICE DEPARTMENT, COUER d'ALENE CHIEF OF POLICE  LEE          WHITE, OFFICERS OF POST FALLS POLICE DEPARTMENT CHRISTOFFER CHRISTENSEN, and LAUREN PIERSON, all individually and in their official capacity. Additionally, OFFICER NICK KNOLL of the COUER d'ALENE POLICE DEPARTMENT in both his individual and official capacity and jail staff JOHN AND JANE DOES 1-10 in both their individual and official capacities acted to deprive the Plaintiff of her Constitutional rights. RIVER CITY ANIMAL HOSPITAL PLLC and JOHN  and JANE DOES 11-13 in their individual capacities,
POST FALLS PROSECUTORS individually and in their official capacities, JOHN And JANE DOES 14-15.

1.2      Additionally, the acts of the Defendants CITY OF POST FALLS, CITY OF COEUR

COMPLAINT FOR DAMAGES
(REHM v. CITY OF POST FALLS et al.)

d'ALENE, KOOTENAI COUNTY, CITY OF POST FALLS POLICE DEPARTMENT, POST FALLS CHIEF OF POLICE PAT KNIGHT KOOTENAI COUNTY SHERIFFS DEPARTMENT, COEUR d'ALENE POLICE DEPARTMENT, COUER d'ALENE CHIEF OF POLICE LEE WHITE, OFFICERS OF POST FALLS POLICE DEPARTMENT CHRISTOFFER CHRISTENSEN, and LAUREN PIERSON, all individually and in their official capacity. Additionally, OFFICER NICK KNOLL of the COUER d'ALENE POLICE DEPARTMENT in both his individual and official capacity. KOOTENAI COUNTY SHERIFF'S DEPARTMENT, KOOTENAI COUNTY SHERIFF BEN WOLFINGER and jail staff JOHN AND JANE DOES 1-10 in both their individual and official capacities violated the Plaintiff's rights pursuant to the United States Constitution, Section 1983 and 1988, under the Civil Rights Act of 1971, the Idaho    State Constitution, and the common law.

1.3      Further, the acts of the Defendants RIVER CITY ANIMAL HOSPITAL, PLLC, CITY OF POST FALLS, CITY OF COEUR d'ALENE, KOOTENAI COUNTY, CITY OF POST FALLS POLICE DEPARTMENT, POST FALLS CHIEF OF POLICE PAT KNIGHT, KOOTENAI    COUNTY    SHERIFFS DEPARTMENT, COEUR d'ALENE POLICE DEPARTMENT, COUER d'ALENE CHIEF OF POLICE LEE WHITE, OFFICERS OF POST FALLS POLICE DEPARTMENT CHRISTOFFER CHRISTENSEN, and LAUREN PIERSON, all individually and in their official capacity. Additionally, OFFICER NICK KNOLL of the COUER d'ALENE POLICE DEPARTMENT in both his individual and official capacity. KOOTENAI COUNTY SHERIFF'S DEPARTMENT, KOOTENAI COUNTY SHERIFF BEN WOLFINGER and jail staff JOHN AND JANE DOES 1-10 in both their individual and official capacities violated the Plaintiffs rights and protection under the American with Disabilities Act 42 USC 126 §12101 ct seq. title II.

1.4      Post Falls Police Chief at the time of this incident was PAT KNIGHT responsible for hiring, training, and supervision of Officers CHRISTOFFER CHRISTENSON and

LAUREN PIERSON.

1.5     CITY OF COEUR d'ALENE POLICE CHIEF LEE WHITE is the appointed Chief
        of Police responsible for the hiring, training, and supervision of OFFICER NICK
        KNOLL.

1.6     KOOTENAI COUNTY SHERIFF WAS BEN WOLFINGER who was responsible
        for hiring, training, and supervision of Jail personnel JOHN and JANE DOES 1-10
        who are named both in their individual and official capacities.

1.7     Additionally, the POST FALLS prosecutors JOHN and JANE DOES 14-15
        maliciously prosecuted the Plaintiff  alleging driving under the influence when the
        Plaintiff suffered from a traumatic brain injury.

1.8     Plaintiff claims the defendants were negligent for false arrest, slander, unlawful
        imprisonment, the tort of outrage for actions of CITY OF POST FALLS, CITY OF
        COEUR d'ALENE, KOOTENAI COUNTY, CITY OF POST FALLS POLICE
        DEPARTMENT, CITY OF POST FALLS POLICE CHIEF PAT KNIGHT,
        KOOTENAI COUNTY SHERIFFS DEPARTMENT, KOOTENAI COUNTY
        SHERIFF BEN WOLFINGER, COEUR d'ALENE POLICE DEPARTMENT,
        COUER d'ALENE POLICE CHIEF LEE WHITE, OFFICERS OF POST FALLS
        POLICE DEPARTMENT CHRISTOFFER CHRISTENSEN, and, LAUREN
        PIERSON all individually and in their official capacity. Additionally, OFFICER
        NICK KNOLL of the COUER d'ALENE POLICE DEPARTMENT in both his
        individual   and   official   capacity.   KOOTENAI   COUNTY   SHERIFF'S
        DEPARTMENT and jail staff JOHN AND  JANE  DOES  1-10  in  both  their
        individual and official capacities

## II.    JURISDICTION AND PARTIES

2.1     This action is brought pursuant to 42 U.S.C §1983 and 1988, under the Civil Rights
        Act of 1971 alleging that the Defendants acted in both their individual and official
        capacities under the color of law depriving the Plaintiff of her rights, privileges, and

COMPLAINT FOR DAMAGES
(REHM v. CITY OF POST FALLS et al.)

immunities as guaranteed by the 4th, 5th, 8th and 14th Amendment to the United States Constitution.

2.2     The court has jurisdiction of this cause under sections 1331 and 1343 and 42 U.S.C 1983.

2.3     The court has jurisdiction of the cause under the Americans with Disabilities Act of 42 USC ch 126 §1201 et. Seq. Title II

2.4     All acts and omissions occurred in the Idaho District of the Federal Court

2.5     Plaintiff CORRIE M. REHMS lives in the Idaho District of the Federal Court in the City of Post Falls, Idaho.

2.6     All Defendants reside in the Idaho District of the Federal Court in the State of Idaho

2.7     Post Falls City is a municipal government in the State of Idaho County of Kootenai.

2.8     City of Couer d'Alene is a municipal government in the State of Idaho, County of Kootenai.

2.9     County of Kootenai is a County government in the State of Idaho.

2.10    Kootenai County Sheriffs Department is a law enforcement agency of Kootenai County.

2.11    Post Falls Police Department is a municipal law enforcement agency in the County of Kootenai, State of Idaho.

2.12    Defendant Post Falls Police Chief Pat Knight was responsible for hiring supervision, and training of   law enforcement officers employed by the Post Falls Police  Department.

2.13    Defendant Ben Wolfinger was the elected Sheriff responsible for hiring, training, and supervising jail officers John and Jane Does 1-10

2.14    Post Falls Police Officers, CHRISTOFFER CHRISTENSEN, and LAUREN PIERSON officers who were involved in the false arrest of CORRIE REHMS.

2.15    Coeur d'Alene Police Officer NICK KNOLL conducted a "DRE Evaluation" which ignored CORRIE REHMS' traumatic brain injury and wrongfully charged CORRIE REHMS with driving under the influence of drugs.

2.16    Post Falls Officer CHRISTOFFER CHRISTENSEN wrongfully and falsely

COMPLAINT FOR DAMAGES
(REHM v. CITY OF POST FALLS et al.)

communicated to fellow officers including Officer EVANN FLANAGAN and others that CORRIE REHMS was taking her patient's medications.

2.17    City of COUER d'ALENE CHIEF OF POLICE LEE WHITE was responsible for hiring, training, and supervision of Officer NICK KNOLL.

2.18    Post Falls prosecutors, John and Jane Does 14-15 maliciously prosecuted CORRIE REHMS for driving under the influence of drugs.

2.19    RIVER CITY ANIMAL HOSPITAL, PLLC and JOHN and JANE DOES 11-13 employees of River city Animal Hospital made libelous statements regarding CORRIE REHMS being under the influence.

2.20    Post Falls Officer CHRISOFFER CHRISTENSEN made libelous and false statements stating CORRIE REHMS was taking her patient's medications to Officer EVANN FLANNAGAN.

## III.    FACTUAL HISTORY

3.1    On or about June 9, 2020, at approximately 5:45 pm Post Falls police were dispatched on a "welfare check" to River City Animal Hospital PLLC at 310 N. Herborn Place, Post Falls, Idaho.

3.2    The complaint alleged a female patron, CORRIE REHMS, had trouble staying awake, slurring words and had pinpoint pupils.

3.3    The call was from the River City Animal Hospital PLLC personnel JOHN and JANE DOES 11-13

3.4    Post Falls police officers responding included Officers CHRISTOFFER CHRISTENSEN, and LAUREN PIERSON.

3.5    Officer CHRISTOFFER CHRISTENSEN contacted Plaintiff CORRIE REHMS seated in her 2018 Toyota Corolla parked in the River City Animal Hospital parking lot.

3.6    Officer CHRISTOFFER CHRISTENSEN knocked on the vehicle window and Ms. CORRIE REHMS exited her vehicle leaving the dog in the car.

COMPLAINT FOR DAMAGES
(REHM v. CITY OF POST FALLS et al.)

3.7     Officer CHRISTOFFER CHRISTENSEN asked CORRIE REHMS why she was at the clinic and CORRIE REHMS advised she was waiting for a dog.

3.8     Officer CHRISTOFFER CHRISTENSEN questioned CORRIE REHMS claiming CORRIE REHMS had slurred speech and pinpoint pupils.

3.9     CORRIE REHMS told Officer CHRISTOFFER CHRISTENSEN repeatedly that she suffered from a TBI explaining it was a traumatic brain injury not from drugs.

3.10    CORRIE REHMS explained she was involved in an accident with a truck in Spokane in which she suffered a traumatic brain injury on August 20, 2016.

3.11    Officer CHRISTOFFER CHRISTENSEN ordered her to sit on the front of his police vehicle guard which was hot from the engine heat.

3.12    Officer LAUREN PIERSON questioned if CORRIE REHMS is a nurse and asked that Officer LAUREN PIERSON be allowed to search her car for drugs.

3.13    Officer LAUREN PIERSON then searched the vehicle that was parked at the River City Animal Hospital PLLC pursuant to CORRIE REHMS' permission

3.14    The search showed that CORRIE REHMS had Sudafed and nicotine chewing gum in her vehicle.

3.15    CORRIE REHMS assured the officers that she was not on drugs but suffers from a traumatic brain injury and was tired after working all day.

3.16    CORRIE REHMS agreed with Officer LAUREN PIERSON to comply with the test that Officer CHRISTENSEN was requesting.

3.17    Officer LAUREN PIERSON assured CORRIE REHMS if she was not taking drugs she would be released after doing the test.

3.18    CORRIE REHMS agreed to try to do the test and cooperate with the police.

3.19    Officer CHRISTOFFER CHRISTENSEN conducted the Horizontal Gaze Nystagmus (HGN) test in the parking lot.

3.20    Officer CHRISTOFFER CHRISTENSEN ordered CORRIE REHMS to sit on the push guard of his squad car to perform additional tests.

3.21    Officer CHRISTOFFER CHRISTENSEN was advised by OFFICER LAUREN PIERSON that it was confirmed that CORRIE REHMS had been involved in a car

accident in Spokane.

3.22    CORRIE REHMS was seated on the front guard of the squad car and performed finger to nose test where she touches the tip of her nose with her index finger for both the left and right hand.

3.23    CORRIE REHMS request to leave and Officer CHRISTOFFER CHRISTENSEN restrained her physically pulling her arms back behind her back and bending her forward at the waist.

3.24    Officer CHRISTOFFER CHRISTENSEN had CORRIE REHMS do a "modified Romberg" test where  she is instructed to close her eyes, tilt her head back and estimate 30 seconds.

3.25    Officer CHRISTOFFER CHRISTENSEN had CORRIE REHMS hold her fist against her chest and clench her fist moving the fist in a series of movements.

3.26    Officer CHRISTOFFER CHRISTENSEN then explains to CORRIE REHMS that she failed his exams and was being arrested for driving under the influence.

3.27    CORRIE REHMS says she chews nicotine gum, took Sudafed for allergies, earlier in the day and she has a traumatic brain injury

3.28    CORRIE REHMS tells officer CHRISTOFFER CHRISTENSEN it is tough dealing with a handicap.

3.29    Officer LAUREN PIERSON contacts by phone Shealarae Holden who is CORRIE REHMS adult daughter.

3.30    Shealarae Holden tells officer LAUREN PIERSON her mother is not on drugs but suffers from a traumatic brain injury from an auto accident.

3.31    CORRIE REHMS explains she is tired after working a long shift and is going home to do documentation.

3.32    CORRIE REHMS explains that she is trying to remain productive by working with her disability

3.33    CORRIE REHMS tells Officer LAUREN PIERSON she wants a blood test to be done to prove her innocence.

3.34    CORRIE REHMS is placed in the back seat of the squad car and is given a breath

COMPLAINT FOR DAMAGES
(REHM v. CITY OF POST FALLS et al.)

test.

3.35   The breath test gives readings of 00.00 and 00.00 showing no alcohol consumption

3.36   Officer LAUREN PIERSON was advised that CORRIE REHMS is a hospice nurse, by CORRIE REHMS

3.37   Shealarae Holden offers to pick up her mother explaining that her mother takes Sudafed for sinus and has a traumatic brain injury but is not intoxicated.

3.38   Shealarae Holden asked why her mother is being taken to jail if she did nothing wrong.

3.39   Officer LAUREN PIERSON advised that she is being taken to jail for a DRE officer to evaluate if she is on drugs because the DRE officer is better trained.

3.40   Officer LAUREN PIERSON is told by Shealarae Holden that after the accident her mother was cleared to drive by a doctor.

3.41   Officer LAUREN PIERSON tells Shealarae Holden that Officer CHRISTOFFER CHRISTENSEN has limited training and a DRE officer can make the evaluation at the Kootenai County jail.

3.42   CORRIE REHMS' son in law, Tyler Holden, tells Officer LAUREN PIERSON they see his mother in law  daily as she lives near them and does not do drugs.

3.43   Officer LAUREN PIERSON says they will recommend that CORRIE REHMS lose her drivers license because of her disability.

3.44   Officer LAUREN PIERSON advises that Shealarae Holden will be able to bail her out after her DRE test at the jail.

3.45   Shealarae Holden assures officer LAUREN PIERSON that her mother is not taking drugs.

3.46   CORRIE REHMS was taken to the Kootenai County Jail where she met Coeur d'Alene Police Officer NICK KNOLL.

3.47   Officer NICK KNOLL did a series of tests and falsely determines that CORRIE REHMS was under the influence of drugs.

3.48   Officer NICK KNOLL took a blood sample which was agreed to by CORRIE REHMS.

COMPLAINT FOR DAMAGES
(REHM v. CITY OF POST FALLS et al.)

3.49    After the blood samples were drawn by Officer NICK KNOLL of the Coeur d'Alene Police Department CORRIE REHMS was knocked to the ground by two guards at the Kootenai County jail, Officers JANE and JOHN DOES 1-10.

3.50    CORRIE REHMS was not allowed to make a phone call but locked in a cell alone on the floor of a cell without a toilet or other facilities.

3.51    CORRIE REHMS was left on the floor of the empty cell without any bars to use and raise herself off the floor inspite of her clearly observable disability from a traumatic brain injry.

3.52    The locked room had no toilet facility, and she was forced to urinate in a small drain on the floor inspite of her disability and lack of facilities for handicapped persons

3.53    Shealarae Holden was advised by jail personnel that her mother could not be bonded out of jail until morning.

3.54    Ultimately CORRIE REHMS was released from jail without a timely opportunity to make a phone call to any attorney, medical care, or assessment for a traumatic brain injury.

3.55    The Post Falls prosecutor JOHN and JANE DOES 14-15 dismissed the case when the only substance found in the blood test was Sudafed as CORRIE REHMS maintained at the time of her arrest.

3.56    Subsequently, CORRIE REHMS had contact with another Post Falls Officer EVANN FLANNAGAN on August 21, 2020 at 3:24 p.m in Post Falls.

3.57    Officer EVANN FLANAGAN questioned CORRIE REHMS after she hit a median damaging her vehicle while exiting a driveway.

3.58    Officer EVANN FLANAGAN ordered CORRIE REHMS from her car and to the front of his squad car.

3.59    CORRIE REHMS fearful of another false arrest took ahold of a mail box post and refused to let go of the mailbox post crying tearfully.

3.60    CORRIE REHMS was ultimately placed in contact with a mental health professional and released.

3.61    CORRIE REHMS told Officer EVANN FLANAGAN that she was fearful

COMPLAINT FOR DAMAGES
(REHM v. CITY OF POST FALLS et al.)

and very concerned she would be falsely arrested and being beaten again at the County jail.

3.62    After a Post Falls Captain became involved CORRIE REHMS was released to her daughter Shealarae Holden.

3.63    Shealarae Holden explained to Officer EVANN FLANAGAN that her mother was fearful of the Post Falls Police after she was previously falsely arrested and locked in Kootenai County jail.

3.64    Officer EVANN FLANAGAN stated that Officer CHRISTOFFER CHRISTENSEN had told him that CORRIE REHMS was "taking patient medications" when arrested previously, a false statement. (Body cam video)

3.65    Officer EVANN FLANAGAN looked at the blood test results from his computer after he was told by CORRIE REHMS that the charges were dismissed. (body cam video)

3.66    Upon seeing the blood test results he recognized that the statement of Officer CHRISTOFFER CHRISTENSEN was incorrect as the blood test showed only Sudafed and no patient medication.

3.67    The blood test results clearly demonstrate the failure of OFFICER CHRISTOFFER CHRISTENSEN and NICK KNOLL's tests.

3.68    A Notice of Tort Claim was filed with the City of Post Falls, City of Coeur d'Alene, and Kootenai County within the 180 days of the June 9, 2020 arrest pursuant to Idaho Code §6-901 et. Seq (Copy Attached)


## IV. CAUSE OF ACTION FOR ACTION FOR ILLEGAL SIEZURE OF PERSON

Plaintiff CORRIE REHMS re-alleges and incorporates paragraphs 3.1 to 3.67 as paragraphs 4.1 to 4.67

4.68    Post Falls police Officer CHRISTOFFER CHRISTENSEN and LAUREN PIERSON illegally and falsely arrested CORRIE REHMS for driving under the

COMPLAINT FOR DAMAGES
(REHM v. CITY OF POST FALLS et al.)

influence when CORRIE REHMS suffered from a TBI or a Traumatic Brain Injury

4.69     Police Officer CHRISTOFFER CHRISTENSEN and Officer PIERSON handcuffed CORRIE  REHMS and falsely arrested CORRIE REHMS for driving under the influence of drugs.

4.70     Post Falls police Officer CHRISTOFFER CHRISTENSEN and Officer PIERSON in violation of Article I Section 17of the Idaho Constitution and the 4th Amendment to US Constitution falsely arrested, handcuffed, and detained CORRIE REHMS for driving under the influence when CORRIE REHMS was disabled from a traumatic brain injury.

4.71     Officers CHRISTOFFER CHRISTENSEN and Officer LAUREN PIERSON were acting in both their individual and professional capacities in falsely arresting and detaining CORRIE REHMS who suffered from a traumatic brain injury.

4.72     A breath test conducted at the scene showed CORRIE REHMS had consumed no alcohol with two readings of 000.

4.73     Both Officer CHRISTOFFER CHRISTENSEN and Officer LAUREN PIERSON were repeatedly advised that CORRIE REHMS suffered from a traumatic brain injury from a truck accident in Spokane, Washington.

4.74     Officers confirmed CORRIE REHMS' statement that she had been in a car accident in Spokane, Washington.

4.75     Officers ignored statements from CORRIE REHMS' daughter Shealarae Holden and her son-in-law Tyler Holden that CORRIE REHMS was not under the influence but was suffering from a traumatic brain injury.

4.76     Ignoring evidence to the contrary the Post Falls police Officer CHRISTOFFER CHRISTENSEN and LAUREN PIERSON falsely arrested and detained CORRIE REHMS.

4.77     Officer NICK KNOLL from City of Coeur d'Alene falsely accused CORRIE REHMS of being under the influence of drugs after he conducted a DRE test and failed to recognize that CORRIE REHMS was a traumatic brain injured person

and not under the influence of drugs.

4.78    Officer NICK KNOLL falsely arrested and supported charges of driving under the influence of drugs for the false arrest.

4.79    A blood test drawn by Officer NICK KNOLL confirmed CORRIE REHMS' statement that she had not consumed any drugs except Sudafed and the inaccuracy of the physical test.

## V. 4th AMENDMENT VIOLATION FOR ILLEGAL DETENTION OF A PERSON

Plaintiff CORRIE REHMS re-alleges and incorporates paragraphs 3.1 to 3.67 as paragraphs 5.1 to 5.67.

5.68    Officer CHRISTOFFER CHRISTENSEN and LAUREN PIERSON continued to detain Plaintiff CORRIE REHMS after a breath test confirmed CORRIE REHMS was not under the influence of alcohol.

5.69    Officer CHRISTOFFER CHRISTENSEN and LAUREN PIERSON ignored statements of CORRIE REHMS, her daughter Shealarae Holden, and her son-in-law Tyler Holden that CORRIE REHMS suffered from a traumatic brain injury.

5.70    Officers continued to detain CORRIE REHMS after determining that CORRIE REHMS was involved in a car accident in Spokane confirming statements from both CORRIE REHMS and her family.

5.71    Ultimately it was determined from a blood test that CORRIE REHMS was falsely arrested and detained for driving under the influence alleging she was under the influence of drugs.

5.72    The actions or inactions of Officers CHRISTOFFER CHRISTENSEN, LAUREN PIERSON and NICK KNOLL resulted in CORRIE REHMS being wrongfully arrested, detained, and incarcerated in the Kootenai County jail.

5.73    Further, that Officer NICK KNOLL of the Coeur d'Alene police falsely made

claims that CORRIE REHMS was under the influence of drugs when she suffered from a disabling traumatic brain injury.

5.74    Officers failed to investigate and verify CORRIE REHMS disability as a traumatic brain injury and not intoxication from drugs falsely arresting and detaining CORRIE REHMS.

5.75    As a result of the Officers actions CORRIE REHMS was falsely arrested and detained for driving under the influence of drugs.

5.76    That the false arrest and pretrial detention of CORRIE REHMS by Officers CHRISTOFFER CHRISTENSEN, L. PIERCE, and NICK KNOLL violated CORRIE REHMS' 4th Amendment rights by pretrial detention based on false arrest.

5.77    That as a result of the officer's violation of CORRIE REHMS' rights she suffers from mental including PTSD and physical illness proximately caused by the Defendant's negligent conduct in investigating the disability of CORRIE REHMS.

5.78    Officers failed to exercise proper discretion to cite and release CORRIE REHMS for a crime of driving under influence of drugs violating CORRIE REHMS' 4th and 8th Amendment Rights.

5.79    The incarceration of CORRIE REHMS was an abuse of power in refusing to cite and release CORRIE REHMS given her disability from a traumatic brain injury.

## VI. CAUSE OF ACTION FOR VIOLATIO OF PLAINTIFF'S CONSTITUTIONAL RIGHTS UNDER COLOR OF LAW PURSUANT TO 42 USC 1983 (THE CIVIL RIGHTS ACT)

Plaintiff CORRIE REHMS re-alleges and incorporates paragraphs 3.1 to 3.67 as paragraphs 6.1 to 6.67.

6.68    Officers CHRISTOFFER CHRISTENSEN and LAUREN PIERSON acted under color of law and violated the rights of CORRIE REHMS.

COMPLAINT FOR DAMAGES
(REHM v. CITY OF POST FALLS et al.)

6.69    Officer CHISTOFFER CHRISTENSON, Officer LAUREN PIERSON, and
Officer NICK KNOLL acting under the color of law violated the rights of
CORRIE REHMS under the 4th Amendment by falsely arresting and detaining
CORRIE REHMS.

6.70    Officer CHRISTOFFER CHRISTENSEN, Officer LAUREN PIERSON, and
Officer NICK KNOLL acting under the color of law violated the 8th amendment
by placing CORRIE REHMS in pretrial detention for a false allegation of driving
under the influence of drugs resulting in her wrongful pretrial incarceration.

6.71    Officer CHRISTOFFER CHRISTENSEN, Officer LAUREN PIERSON, and
Officer NICK KNOLL acting under color of law to punish and incarcerate
CORRIE REHMS for a false claim of driving under the influence violated
CORRIE REHMS' 8th Amendment rights.

6.72    Officer CHRISTOFFER CHRISTENSEN, Officer LAUREN PIERSON, and
Officer NICK KNOLL violated CORRIE REHMS 4th, 5th, 8th and 14th
Amendment Rights to Due Process by making false allegations that CORRIE
REHMS was driving under the influence of drugs when she suffered from a
disabling traumatic brain injury.

6.73    That Officers CHRISTOFFER CHRISTENSEN, LAUREN PIERSON, and NICK
KNOLL in both their professional and individual capacities acted under color of
law to violate CORRIE REHMS' constitutional rights.

6.74    Officers CHRISTOFFER CHRISTENSEN and LAUREN PIERSON caused
CORRIE REHMS both physical and psychological damages as a result of the
false arrest and unlawful detention of CORRIE REHMS.

6.75    Officers CHRISTOFFER CHRISTENSEN and LAUREN PIERSON filed false
statement of facts which were submitted to the court to support probable cause to
charge CORRIE REHMS with driving while under the influence of drugs.

6.76    Officer CHRISTOFFER CHRISTENSEN made false statements that CORRIE
REHMS was using her patient's medication which was unsupported from the
facts.

6.77      Jail detention officers denied CORRIE REHMS an opportunity to contact an
          attorney after her false arrest and detention at Kootenai County Jail.

## VII. CAUSE OF ACTION FOR MALICOUS PROSECUTION

Plaintiff CORRIE REHMS re-alleges and incorporates paragraphs 3.1 to 3.67 as paragraphs
7.1 to 7.67.

7.68     CORRIE REHMS has been subjected wrongfully to warrantless, false arrest, and criminal
         prosecution by CITY OF POST FALLS, OFFICERS CHRISTOFFER CHRISTENSEN,
         LAUREN PIERSON, and NICK KNOLL, PROSECUTORS JOHN and JANE DOES 14-15

7.69     The CITY OF POST FALLS, POST FALLS POLICE DEPARTMENT, CITY OF COEUR
         d'ALENE, POST FALLS PROSECUTORS JOHN and JANE DOES 14-15, OFFICERS
         CHRISTOFFER CHRISTENSEN, LAUREN PIERSON, and NICK KNOLL acted to
         wrongfully arrest and prosecute CORRIE REHMS for driving under the influence of drugs,
         that was not properly investigated and falsely reported leading to CORRIE REHMS to be
         wrongfully charged for driving under the influence of drugs.

7.70     That the charges were recklessly and wrongfully alleged and filed against CORRIE REHMS
         and were ultimately dismissed by POST FALLS PROSECUTORS JOHN and JANE DOE
         14-15 on August 13, 2020 (See attached order)

7.71     There was no probable cause to warrantlessly arrest CORRIE REHMS as the evidence was
         falsely reported and the facts supported that CORRIE REHMS suffered from a disabling
         traumatic brain injury and did not commit the crime of driving while under the influence of
         drugs.

7.72     That Officers CHRISTOFFER CHRISTENSEN, LAUREN PIERSON, and NICK KNOLL

COMPLAINT FOR DAMAGES
(REHM v. CITY OF POST FALLS et al.)

made false, misleading, and inaccurate statements in his police report supporting the false

arrest by false statements about CORRIE REHMS.

7.73    CORRIE REHMS has incurred damages as a result of these false allegations, false arrest,

incarceration, mental, and emotional damages to her reputation and has incurred attorney's

fees and costs in defending from these false claims.

7.74    That CORRIE REHMS suffered injury due to the false claims from Officers

CHRISTOFFER CHRISTENSEN, LAUREN PIERSON, and NICK KNOLL and wrongful

prosecution by the Post Falls PROSECUTORS JOHN and JANE DOES 14-15.

7.75    That CORRIE REHMS was falsely prosecuted which has caused her to suffer personal and

professional damage from these false charges, statements, and criminal charges.

7.76    That the falsely filed charges of driving while under the influence of drugs were ultimately

dismissed by the POST FALLS PROSECUTORS.

## VIII. CAUSE OF ACTION FOR OUTRAGEOUS CONDUCT

Plaintiff CORRIE REHMS re-alleges and incorporates paragraphs 3.1 to 3.67 as paragraphs

8.1 to 8.67

8.68    That the actions of POST FALLS OFFICERS CHRISTOFFER CHRISTENSEN,
LAUREN PIERSON, and NICK KNOLL acted in a way that constitutes
outrageous conduct.

8.69    That the officers acting without factual or legal basis handcuffed and arrested a
disabled person CORRIE REHMS suffering from a traumatic brain injury for
driving under the influence of drugs.

8.70    That Officer CHRISTOFFER CHRISTENSEN in restraining CORRIE REHMS
by pulling arms behind her and bending her over prior to arrest constitutes

COMPLAINT FOR DAMAGES
(REHM v. CITY OF POST FALLS et al.)

outrageous conduct and assault particularly given CORRIE REHMS disability.

8.71   That Officers CHRISTOFFER CHRISTENSEN, LAUREN PIERSON, and NICK KNOLL failed to fully investigate, interpret, and document the information regarding a traumatic brain injury suffered CORRIE REHMS.

8.72   That officers arrested and incarcerated CORRIE REHMS refusing to cite and release CORRIE REHMS to her family and causing her to suffer extreme violence in the Kootenai County Jail.

8.73   That officers in failing to cite and release CORRIE REHMS wrongfully resulted in the assault of CORRIE REHMS by jail personnel.

8.74   All actions occurred based upon officers failure to exercise proper judgement in evaluating and dealing with a disabled citizen, CORRIE REHMS.

8.75   Officers CHRISTOFFER CHRISTENSEN, LAUREN PIERSON, and NICK KNOLL failed to exercise discretion by incarceration of CORRIE REHMS rather than releasing her to her family.

8.76   Officer CHRISTOFFER CHRISTENSEN physically restrained CORRIE REHMS during his contact by holding her arms behind her back and bending her forward during his interview of CORRIE REHMS.

8.77   That CORRIE REHMS has suffered damages to her personal and professional reputation by the action of Officers CHRISTOFFER CHRISTENSEN, LAUREN PIERSON, and NICK KNOLL.

8.78   That CORRIE REHMS suffers from PTSD, psychological injury, and financial loss as a result of her arrest and incarceration.

## IX. CAUSE OF ACTION FOR EXCESSIVE FORCE

Plaintiff CORRIE REHMS re-alleges and incorporates paragraphs 3.1 to 3.67 as paragraphs 9.1 to 9.67.

9.68   The physical force used by OFFICER CHRISTOFFER CHRISTENSEN in pulling CORRIE REHMS around by raising her arms up behind her back prior to her arrest

COMPLAINT FOR DAMAGES
(REHM v. CITY OF POST FALLS et al.)

constitutes excessive force in detaining CORRIE REHMS, a disabled person.

9.69    That the Plaintiff CORRIE REHMS was not actively resisting in any way when OFFICER CHRISTOFFER CHRISTENSEN physically grabbed CORRIE REHMS pulling her arms behind her back and bending her forward across the police car hood.

9.70    That the actions of CHRISTOFFER CHRISTENSEN in physically restraining CORRIE REHMS were outside the scope of necessary and reasonable force that should have been used to detain a disabled citizen in investigating a misdemeanor crime.

9.71    That KOOTENAI COUNTY jail personnel JOHN and JANE DOES 1-10 in throwing CORRIE REHMS onto the floor of the jail used excessive force against a disabled person.

9.72    That KOOTENAI COUNTY JOHN and JANE DOES 1-10 exercised excessive force in locking CORRIE REHMS in a cell without proper facilities for disabled persons to obtain water, to use the toilet facilities, or to properly stand or walk.

9.73    That CITY OF POST FALLS and KOOTENAI COUNTY are liable for the actions of their employees in using excessive force against a disabled person suffering from a traumatic brain injury.

## X. NEGLIGENT HIRING, TRAINING AND SUPERVISION

Plaintiff CORRIE REHMS re-alleges and incorporates paragraphs 3.1 to 3.67 as paragraphs 10.1 to 10.67.

10.68    That Defendants CITY OF POST FALLS, POST FALLS POLICE DEPARTMENT, POLICE CHIEF PAT KNIGHT, CITY OF COUER d'ALENE, CITY OF COUER d'ALENE POLICE DEPARTMENT, POLICE CHIEF LEE WHITE, KOOTENAI COUNTY, KOOTENAI COUNTY SHERIFF DEPARTMENT, SHERIFF BEN WOLFINGER are liable for the actions of their employees for failing to train said employees in procedures involving disabled persons and training to prevent the misidentification which resulted in the injury to CORRIE REHMS.

COMPLAINT FOR DAMAGES
(REHM v. CITY OF POST FALLS et al.)

10.69   That as a result of the actions or inactions of the employees of Defendants COUNTY OF KOOTENAI, KOOTENAI COUNTY SHERIFF BEN WOLFINGER, CITY OF KOOTENAI COUNTY and CITY OF POST FALLS CORRIE REHMS suffered and continues to suffer injury including professional reputation injury.

10.70   That COUNTY OF KOOTENAI, KOOTENAI COUNTY SHERIFF BEN WOLFINGER and CITY OF COUER d'ALENE, CHIEF OF POLICE LEE WHITE and CITY OF POST FALLS and POLICE CHIEF PAT KNIGHT failed to train law enforcement officers adequately and fully, resulting in the injury of CORRIE REHMS.

10.71   That as a result of the negligent training in recognizing disabilities from a traumatic brain injury, CORRIE REHMS suffered and continues to suffer injuries from her false arrest and wrong.

10.72   That Defendants COUNTY OF KOOTENAI, KOOTENAI COUNTY SHERIFF BEN WOLFINGER, CITY OF POST FALLS CHIEF PAT KNIGHT, CHIEF OF POLICE LEE WHTIE, and CITY OF POST FALLS, are liable for the actions of their employees for failing to supervise said employees in procedures involving those with physical disabilities as it relates to police searches, interactions with citizens, and arrest procedures which resulted in the injury to CORRIE REHMS.

10.73   That as a result of the actions or inactions of the employees of COUNTY OF KOOTENAI, KOOTENAI COUNTY SHERIFF BEN WOLFINGER, OFFICER C. CHRISTENSEN, LAUREN PIERSON, NICK KNOLL, CITY OF COUER d'ALENE CHIEF OF POLICE LEE WHTIE, POST FALLS CHIEF OF POLICE PAT KNIGHT, and CITY OF POST FALLS, CORRIE REHMS suffered and continues to suffer injury including her right hip.

10.74   That COUNTY OF KOOTENAI, KOOTENAI COUNTY SHERIFF BEN WOLFINGER, POST FALLS CHIEF OF POLICE PAT KNIGHT, CHIEF OF POLICE LEE WHITE, and CITY OF COUER d'ALENE and CITY OF POST FALLS failed to adequately and fully supervise law enforcement officers, resulting in the injury of CORRIE REHMS.

10.75   That as a result of the negligent supervision, by CITY OF POST FALLS, KOOTENAI COUNTY, CITY OF COUER d'ALENE, CHIEF OF POLICE PAT KNIGHT, and CHIEF OF POLICE LEE WHITE, CORRIE REHMS suffered and continues to suffer injury.

10.76   That COUNTY OF KOOTENAI, KOOTENAI COUNTY SHERIFF BEN WOLFINGER and CITY OF COUER d'ALENE, CHIEF OF POLICE LEE WHITE and CITY OF POST FALLS, CHIEF OF POLICE PAT KNIGHT  encouraged such actions by custom, policy, and practice of not removing Officers who were unnecessarily violent including mistreatment of disabled persons.

10.77   That as a result of the actions or inactions of COUNTY OF KOOTENAI, KOOTENAI COUNTY SHERIFF BEN WOLFINGER and CITY OF COUER d'ALENE, CHIEF OF POLICE LEE WHITE,  and CITY OF POST FALLS, CHIEF OF POLICE PAT KNIGHT,  CORRIE REHMS suffered and continues to suffer injury.

10.78   That as a result of the negligent hiring, retention, and supervision CORRIE REHMS suffered and continues to suffer injury including but not limited to psychological trauma from her false arrest and incarceration.

10.79   That COUNTY OF KOOTENAI, KOOTENAI COUNTY SHERIFFF BEN WOLFINGER, CITY OF COEUR d'ALENE, CHIEF OF POLICE LEE WHITE, CITY OF POST FALLS, and CHIEF OF POLICE PAT KNIGHT failed to adequately train officers to identify persons with traumatic brain injuries from intoxicated persons.


## XI. CAUSE OF ACTION OF AMERICANS WITH DISABILITIES ACT
### 42 U.S.C. ch. 126 § 1201 et seq. Title II

Plaintiff re-alleges and incorporates Paragraph 3.1 to 3.67 as Paragraphs 11.1 to 11.67.


COMPLAINT FOR DAMAGES
(REHM v. CITY OF POST FALLS et al.)

11.68   The American with Disabilities Act Title II, subtitle A prohibits discrimination on the basis of disability in all services, programs, and activities provided to the public by local government.

11.69   Further, 28 CFR Parts 35 requires nondiscrimination on the Basis of Disability in State and local government services.

11.70   Officers CHRISTOFFER CHRISTENSEN, LAUREN PIERSON, and NICK KNOLL discriminated against CORRIE REHMS in refusing to acknowledge the disability of CORRIE REHMS for a traumatic brain injury violated the Americans with Disabilities Act.

11.71   Officers CHISTOFFER CHRISTENSEN, LAUREN PIERSON, and NICK KNOLL failed to make reasonable accommodations or accurate assessments of CORRIE REHMS disability.

11.72   Officers CHIRSTOFFER CHRISTENSEN and LAUREN PIERSON and NICK KNOLL lacked proper training to assess a person suffering from a traumatic brain injury.

11.73   As a result of the lack of training of Officers, CORRIE REHMS suffered injury at the hands of Officers CHRISTOFFER CHRISTENSEN, LAUREN PIERSON, and NICK KNOLL.

11.74   That Kootenai County Sheriff's Department jail personnel John and Jane Does 1-10 individually and in their personal capacity violated CORRIE REHMS' rights under the Americans with Disabilities Act by abusing her and failing to accommodate her disability.

## XII.  CAUSE OF ACTION FOR *MONELL* LIABILITY: COUNTY OF KOOTENAI, KOOTENAI COUNTY SHERIFF, CITY OF COUER d'ALENE and CITY OF COUER d'ALENE POLICE DEPARTMENT.

Plaintiff re-alleges and incorporates Paragraph 3.1 to 3.67 as Paragraphs 12.1 to 12.67.

COMPLAINT FOR DAMAGES
(REHM v. CITY OF POST FALLS et al.)

12.68   The acts or failures to act of the above individually names defendants, acting under the color of state law, deprived CORRIE REHMS of her right to be free from unreasonable seizure in violation of the Fourth Amendment of the United States Constitution, made applicable to the states through the Fourteenth Amendment of the United States Constitution.

12.69   The training policies of defendant City of Post Falls, Post Falls Police Department, City of Coeur d'Alene, County of Kootenai and Kootenai County Sheriff, and Coeur d' Alene Police Department were not adequate to prevent violations of law by its police officers or to train its police officers to handle the usual recurring situations involving disabled persons with which they must deal.

12.70   Defendant County of Kootenai and Kootenai County Sheriff were deliberately indifferent to the substantial risk that its policies were inadequate to prevent violations of law by its employees and for the known or obvious consequences of its failure to train its jail officers to properly assess the usual and recurring situations involving disabled persons with which they must deal.

12.71   The failure of defendants County of Kootenai, Kootenai County Sheriff, City of Post Falls and Post Falls Police Department to prevent violations of law by its police officers and to provide adequate training to their officers caused the deprivation of CORRIE REHMS' rights by Kootenai County Sheriff Ben Wolfinger, Coeur d'Alene Chief of Police Lee White, Post Falls Chief of Police Pat Knight, Officers C. Christensen, LAUREN PIERSON, and NICK KNOLL failures to prevent violations of law by its officers and failures to train its officers is so closely related to deprivations of CORRIE REHMS' rights as to be able to freely move in public without unreasonable seizure of Ms. CORRIE REHMS and false arrest.

12.72   As a result of the violations of the reasonable training standards set forth herein, CORRIE REHMS suffered and continues to suffer injury as a result of her false arrest and injuries, including but not limited to physical, psychological, and emotional.

## XIII. CAUSE OF ACTION FOR SLANDER/LIBEL

COMPLAINT FOR DAMAGES
(REHM v. CITY OF POST FALLS et al.)

Plaintiff re-alleges and incorporates Paragraphs 3.1 to 3.67 as Paragraphs 13.1 to 13.67

13.68    That Officer CHRISTOFFER CHRISTENSEN and LAUREN PIERSON made statements that CORRIE REHMS was driving under the influence of drugs.

13.69    That Officer CHRISTOFFER CHRISTENSEN communicated falsely to others including, but not limited to Officer EVANN FLANNAGAN that CORRIE REHMS was taking her patient's medications.

13.70    That Officer NICK KNOLL falsely accused CORRIE REHMS of driving under the influence of drugs when she was not under the influence of drugs.

13.71    The false statements by CHRISTOFFER CHRISTENSEN, LAUREN PIERSON, and NICK KNOLL led to CORRIE REHMS being falsely arrested and incarcerated.

13.72    The false statements by Officer CHRISTOFFER CHRISTENSEN led to CORRIE REHMS being wrongfully detained by Officer EVANN FLANNAGAN on August 21, 2020 (see video)

13.73    The false and misleading statements of Officer CHRISTOFFER CHRISTENSEN led to Officer EVANN FLANNAGAN of POST FALLS POLICE  DEPARTMENT detaining CORRIE REHMS based in part on false statements made by CHRISTOFFER CHRISTENSEN that CORRIE REHMS was taking patient medication.

13.74    CORRIE REHMS has been held in a false light due to the statements falsely made by Officer CHRISTOFFER CHRISTENSEN that she was taking patient medication.

13.75    Officers CHRISTOFFER CHRISTENSEN, LAUREN PIERSON, and NICK KNOLL's statements and false arrest have caused CORRIE REHMS to suffer both mental and physical pain and suffering.

## XIV. DAMAGES

14.1    As a result of the negligent acts of the defendant(s), the plaintiff was injured.  The plaintiff suffered:

COMPLAINT FOR DAMAGES
(REHM v. CITY OF POST FALLS et al.)

14.1a    Physical injuries;

14.1b    Physical disfigurement;

14.1c    Pain and suffering;

14.1d    Loss of enjoyment of life;

14.1e    Medical expense;

14.1f    Loss of services;

14.1g    Lost wages;

14.1h    Lost Future earnings;

14.1i    A hourly fees and costs,

14.1j    Loss of reputation and community respect; and,

14.1k    Seeks injunctive relief against the Kootenai County Sheriff, Coeur d'Alene Police Department, and Post Falls Police Department to require officers and properly trained and supervised to avoid future false arrest of disabled citizens

14.2    As a result of the negligent acts of the defendant(s), the plaintiff suffered damages as indicated in the preceding paragraph in amounts to be established at trial.

## XV. DEMAND FOR JURY OF TWELVE

15.1    Plaintiff demands this matter be heard before a jury of twelve persons pursuant to Federal Rules of Civil Procedure

15.2    For injunctive relief to prevent POST FALLS, CITY OF COUER d'ALENE, KOOTENAI COUNTY, and Officers CHRISTOFFER CHRISTENSEN, LAUREN PIERSON, and Officer NICK KNOLL and other officers.

15.3    For injunctive relief to require City of Post Falls, City of Coeur d'Alene, and Kootenai County to institute training programs requiring trainings to instruct

officers regarding the identification of disabled individuals and avoid false arrest and incarceration of disabled persons.

## XVI. PRAYER FOR RELIEF

16.1     For injunctive relief to prevent Post Falls, City of Coeur d'Alene, Kootenai County, and from failing to train Officers to identify a disabled person.

16.2     For injunctive relief to require Post Falls, City of Coeur d'Alene, and Kootenai County to institute training programs to prevent officers from falsely arresting disabled persons.

16.3     Wherefore, plaintiff PRAYS, that this court enter judgment in favor of the plaintiff, as follows:

      16.3a     For an amount to compensate the plaintiff for the damages identified above in amounts to be established at trial;

      16.3b     For costs incurred by the plaintiff;

      16.3c     For statutory attorneys fees;

      16.3d     For punitive damages

      16.3e     For injunctive relief

      16.3f     For any such further equitable relief as the court deems justified.

Dated this 26th day of April, 2022.

**PHELPS & ASSOCIATES**
Attorney for Plaintiff

Douglas D. Phelps, ISBA#4755
2903 N. Stout Road
Spokane, Washington 99206
(509) 892-0467

COMPLAINT FOR DAMAGES
Page 26 of 27

STATE OF IDAHO                    )
                                           ) ss.

County of Kootenai               )

        CORRIE REHMS, being first duly sworn on oath, deposes and states:

        I am the named Plaintiff herein, I have read the foregoing Complaint for Damages, I know the contents thereof, and I believe the same to be true and correct.

_Corrie Rehms_

CORRIE REHMS

        SUBSCRIBED AND SWORN TO before me this 25 day of April, 2022.

```
AMANDA SMITH
NOTARY PUBLIC #208165
STATE OF WASHINGTON
COMMISSION EXPIRES
JUNE 19, 2023
```

NOTARY PUBLIC for the State of Washington
Residing at Spokane, WA
My commission expires: 6/19/23

COMPLAINT FOR DAMAGES
Page 27 of 27