# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CORRIE M. REHMS<br><br>        Plaintiff,<br>vs.<br><br>CITY OF POST FALLS, POST FALLS POLICE DEPARTMENT, CITY OF COEUR D'ALENE, COEUR D'ALENE POLICE DEPARTMENT, POST FALLS CHIEF OF POLICE PAT KNIGHT, individually and in his official capacity, POST FALLS POLICE OFFICERS CHRISTOFFER CHRISTENSEN, LAUREN PIERSON, all individually and in their official capacity, COEUR D'ALENE CHIEF OF POLICE LEE WHITE, individually and in his official capacity, OFFICER NICK KNOLL, individually and in his official capacity, KOOTENAI COUNTY, KOOTENAI COUNTY SHERIFF'S DEPARTMENT, KOOTENAI COUNTY SHERIFF BEN WOLFINGER individually and in his official capacity, and JOHN/JANE DOES 1-10 individually and in their official capacity, RIVER CITY ANIMAL HOSPITAL, PLLC, and JOHN and JANE DOES 11-13, individually and in their official capacities, POST FALLS PROSECUTORS individually and in their official capacity, JOHN and JANE DOES 14-15,<br><br>        Defendants. | Case No. 2:22-cv-00185-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

MEMORANDUM DECISION AND ORDER - 1

# I. INTRODUCTION

There are two pending motions before the Court. Defendants, River City Hospital, PLLC, and John and Jane Does 11-13 (collectively, the "Animal Hospital") filed a Motion to Dismiss. Dkt. 40. The second motion—a Motion to Strike—was filed alongside Plaintiff's Reply Motion. Dkt. 45. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

Upon review, and for the reasons set forth below, the Court GRANTS Animal Hospital's Motion to Dismiss as well as their Motion to Strike. However, the Court will allow Rehms an opportunity to amend her Complaint.

# II. BACKGROUND

The facts of this case, as set forth in the Complaint, are relatively simple. On June 9, 2020, Corrie Rehms was a patron at River City Animal Hospital waiting to pick up her dog. Dkt. 5, at ¶ 3.7. At 5:45 P.M. staff from the Animal Hospital called the Post Falls Police Department asking them to perform a welfare check on Rehms. *Id.* at ¶ 3.1. The caller alleged that Rehms was having trouble staying awake, slurring her words, and had pinpoint pupils. *Id.* at ¶ 3.2.

Upon arriving at Animal Hospital, the officers made contact with Rehms. *Id.* at ¶ 3.5. The officers asked Rehms about the slurred speech and pinpoint pupils. *Id.* at ¶ 3.8. Rehms responded that she suffered from a traumatic brain injury. *Id.* at ¶¶ 3.9–3.10. The

officer requested a drug test to which Rehms agreed. *Id.* at ¶ 3.16. After performing the tests, the officers informed Rehms that the tests came back positive. *Id.* at ¶ 3.26. The officers then arrested Rehms for driving under the influence. *Id.* Rehms was placed into the back of a patrol car where she was given a breath test. *Id.* at ¶ 3.34. The results showed no alcohol consumption. *Id.* at ¶ 3.35.

Rehms was then taken to the Kootenai County Jail where a more complete evaluation took place. *Id.* at ¶ 3.41. Upon arrival, Officer Nick Knoll performed a series of tests which he determined showed that Rehms was indeed under the influence of drugs. *Id.* at ¶ 3.47. Rehms maintains the results of the tests were in error. *Id.* Next, Officer Knoll took a blood sample. *Id.* at ¶ 3.48. In the meantime, a couple of concerning events unfolded. First, Rehms alleges that she was knocked to the ground by two guards at the jail house. *Id.* at ¶ 3.49. Second, she claims that she was not allowed to make a phone call and was locked in a cell without basic accommodations. *Id.* at ¶ 3.50.

Eventually, Rehms was released from jail. The charges against her were dropped when the blood tests revealed no mood altering substance. *Id.* at ¶ 3.55. Later, in August, there was another encounter with the Post Falls Police Department whereupon Rehms refused to cooperate given her previous encounter with Police. *Id.* at ¶ 3.59.

As a result, Rehms brought several allegations against several defendants including Animal Hospital. In her Complaint, Rehms alleges Animal Hospital made libelous statements about her being under the influence of drugs. *Id.* at ¶ 2.17.

Animal Hospital filed a Motion to Dismiss arguing Rehms failed to state a viable claim against them. Dkt. 40, at 2. Their principle argument is that there are no facts supplied

in the Complaint to support Rehms's claim that Animal Hospital made libelous or slanderous statements against her. *Id.* at 2–3. Rehms replied by supplying an affidavit from her attorney as well as an affidavit from herself supporting her claims against Animal Hospital. Dkt. 42–2, at 2, 8. Animal Hospital responded with a Motion to Strike the affidavits given that they were not supplied in the Complaint. Dkt. 45, at 2.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim if the plaintiff has "fail[ed] to state a claim upon which relief can be granted." "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citation omitted). Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007). "This is not an onerous burden." *Johnson*, 534 F.3d at 1121.

A complaint "does not need detailed factual allegations," but it must set forth "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. The complaint must also contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* at 570.

In deciding whether to grant a motion to dismiss, the court must accept as true all well-pleaded factual allegations made in the pleading under attack. *Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009). A court is not, however, "required to accept as true allegations that

are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001).

In cases decided after *Iqbal* and *Twombly,* the Ninth Circuit has continued to adhere to the rule that a dismissal of a complaint without leave to amend is inappropriate unless it is beyond doubt that the complaint could not be saved by an amendment. *See Harris v. Amgen, Inc.,* 573 F.3d 728, 737 (9th Cir. 2009).

## IV. DISCUSSION

### A. Motion to Strike

Although filed second, the Court will begin by addressing Animal Hospital's Motion to Strike because its determination as it relates to that motion will bear on what the Court can ultimately consider as part of its decision on the underlying Motion to Dismiss.

In its Motion to Dismiss, Animal Hospital asks the Court to dismiss Rehms's claims against them for failure to state a claim. Dkt. 40, at 2. The premise of their argument is that there are no facts pled in the complaint to support Rehms's contention that Animal Hospital made libelous statement against her. *Id.* They go on to state that Rehms has not alleged that any of the information shared by Animal Hospital was false or defamatory in any way. *Id.* at 6. Instead, Animal Hospital notes that what Rehms did mention in her complaint was that she suffered a traumatic brain injury, which would explain the reason for her demeanor and which was the impetus for the subsequent phone call by Animal Hospital to the police. *Id.*

Rehms responds by stating that "[b]y its very nature and its allegations, the Complaint asserts that Animal Hospital said false and defamatory statements to the Post

Falls Police." Dkt. 42, at 6. Rehms also supplied additional information by way of affidavits to support her claims. For example, her attorney provided a copy of a CD from the 911 call. Dkt. 42–2, at 2. When Animal Hospital called, the caller stated: "we have a client in our parking lot and I don't think she should be driving. She is on some sort of substance." Dkt. 42, at 6. Rehms also stated in her affidavit that she and her family have been clients of Animal Hospital for over 15 years. *Id.* at 8. Given this, she argues Animal Hospital should have been familiar with her traumatic brain injury and known that her strange behaviors were not the result of any substance. Dkt. 42, at 6.

When Animal Hospital replied, they also moved to Strike the aforementioned affidavits from Rehms and her counsel. In doing so, Animal Hospital cited various case law for the proposition that a plaintiff may not submit an affidavit as part of an opposition brief to a motion to dismiss in order to assert new facts not included in the complaint. *See, e.g., United States v. Ritchie*, 342 F.3d 903, 908–09 (9th Cir. 2003); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *United States v. Corinthian Colleges*, 655 F.3d 984, 998–99 (9th Cir. 2011); *Streit v. Bushnell*, 424 F. Supp. 2d 633, 639 (S.D.N.Y. 2006).

Typically when ruling on a motion to dismiss, the court must convert a Rule 12(b)(6) motion into one for summary judgment under Rule 56 if it considers evidence outside of the pleadings. *Ritchie*, 342 F.3d at 907. However, there are two exceptions to the requirement that a motion to dismiss be turned into a motion for summary judgement. *Lee*, 250 F.3d at 688–89. First, a court may consider documents attached to a complaint, or if the documents are not attached, they may be considered only when their authenticity is not contested and the plaintiff refers extensively to the document in the complaint. *Id.*

"Second, under Fed. R. Evid. 201, a court may take judicial notice of matters of public record." *Id.* (cleaned up).

Rehms argues the Court can consider the 911 call included in her counsel's affidavit under either exception. First, she contends that the accuracy of the call cannot be questioned. Dkt. 46, at 2–3. She notes that Animal Hospital cannot object to the accuracy or admissibility of the phone call because Rehms provided the phone call during initial disclosures and Animal Hospital did not object within 14 days as provided in Fed. R. Civ. P. 26(a)(3)(B). *Id.* at 3. Animal Hospital responds by stating that the contents of the 911 call were not reasonably relied upon in the Complaint and, therefore, the Court should not consider the contents of the call at this stage of the litigation. Dkt. 47, at 2–3.

The Court is not inclined to accept Rehms's theory. In order for a court to incorporate material not provided in the complaint, the material must be referenced extensively or form the basis of the plaintiff's claim. *Ritchie*, 342 F.3d at 908. The 911 call was not referenced extensively in the Complaint. In fact, it was only vaguely mentioned once. Dkt. 5, at ¶ 3.3 ("The call was from the River City Animal Hospital"). *See Khoja v. Orexigen Therapeutics, Inc.* 899 F.3d 988, 1003 (9th Cir. 2018) ("For 'extensively' to mean anything under *Ritchie*, it should, ordinarily at least, mean more than once."). While true that a single reference may be sufficient if that single reference is extensive, such is not the case here. *See id.* Moreover, the 911 call does not form the basis of any claim in the Complaint. As the Court reads the Complaint, and specifically Section XIII under Cause of Action for Slander/Libel, there is no mention of the 911 call or any claim against Animal

Hospital. *See* Dkt. 5, at ¶¶ 13.67–13.75.[1]

Rehms provided no authority for her contention that a court may take judicial notice of a 911 call. And the Court cannot locate any. Other courts have made similar observations. *See, e.g. Berkley v. City of New Rochelle*, 2022 WL 784018, at *3 (S.D.N.Y. Mar. 15, 2022) (noting that the party had not provided "authority []or argument for the proposition that a court may take judicial notice of the audio recordings of 911 calls"). The statements made in the 911 call—that Corrie Rhems was in the parking lot; that she was "on some sort of substance[;]" and that her "pupils were very small" (Dkt. 42, at 6)—"are neither 'generally known within the trial court's territorial jurisdiction' nor 'accurately and readily determined from sources whose accuracy cannot reasonable be questioned.'" *Polnac v. City of Sulphur Springs*, 555 F. Supp. 3d 309, 324 (E.D. Tex.2021) (quoting FED. R. EVID. 201(b)). Neither are they matters of public record. As such, the Court cannot consider them at this time.

There is, therefore, no plausible way for the Court to rule on the Motion to Dismiss and consider the information provided in the affidavit without converting the Motion into a Motion for Summary Judgment under Fed. R. Civ. P. 56. However, the Court is not ready to do so at this early juncture. *See Williams v. County of Alameda*, 26 F. Supp. 3d 925, 935 (N.D. Cal. 2014) ("Given the relatively early stage of this litigation, the Court

---

[1] The Court could, in theory, incorporate what was stated in ¶ 2.19 (the summary assertion that Animal River made libelous statements about Rehms) into the slander/libel claim found in Section XIII, but the Court notes that Rehms only incorporated certain Paragraphs (¶¶ 3.1–3.67) of the Complaint into Section XIII. Notably ¶ 2.19 was not included. It is not the Court's job to guess as to what claims are and are not being alleged, against which defendants, and on what basis. The better course of action is to dismiss the Complaint with leave to amend. In this manner, the parties, as well as the Court, will have a better grasp as to the claims alleged.

exercises its discretion and declines to convert Defendants' motion to dismiss into a motion for summary judgment."). Instead, the Court will rule on the Motion to Dismiss without considering the affidavits submitted by Rehms. Animal Hospital's Motion to Strike is GRANTED.

### B. Motion to Dismiss

Having determined that the affidavits submitted by Rehms will not be considered for purposes of the Motion to Dismiss, the Court's task becomes relatively simple. As noted by Animal Hospital, there are no facts to support Rehms's contention that it committed libel or slander in any way against her. Dkt. 40, at 2. Moreover, as noted above, in the section of the Complaint titled "Cause of Action For Slander," there is not even a single mention of Animal Hospital. The only section of the Complaint that arguably supplies a cause of action against Animal Hospital is in the "Jurisdiction And Parties" section of the Complaint. The Court is well familiar with the doctrine of incorporation and would have no problem incorporating certain sections of the complaint into other sections if appropriate. The Court did so in *Ice Castles, LLC v. LaBelle Lake Ice Palace, LLC*, 409 F. Supp. 3d 912 (D. Idaho 2019) when it found that, while Plaintiff had not outlined specific defamatory statements under the defamation cause of action, they had included those statements in other areas of the complaint. But that is the difference between *Ice Castles* and the present case. In *Ice Castles*, there were *actual* facts alleged in the complaint to support the later-referenced cause of action. *See id.* at 921–922. Such is not the case here.[2]

---

[2] Outside of the case caption and their inclusion in a generic list of all Defendants, Animal Hospital is listed
(continued)

In this case, the only fact supplied regarding Animal Hospital's involvement was that someone from Animal Hospital made a 911 call and reported that Corrie Rehms "had trouble staying awake, [was] slurring words[,] and had pinpoint pupils." Dkt. 5, at ⁋ 3.2. Nothing in the Complaint alleges this was false in any way. In fact, as Animal Hospital points out, Rehms provided an explanation for her behavior by noting that she suffered from a traumatic brain injury. *Id.* at ⁋⁋ 3.8–3.10; *see also Baker v. Burlington Northern, Inc.*, 587 P.2d 829, 831 (1978) ("In a slander or libel suit it is not necessary for the defendant to prove the literal truth of his statement in every detail, rather it is sufficient for a complete defense if the substance or gist of the slanderous or libelous statement is true.").

In sum, because the Complaint does not contain sufficient factual material to state a claim for relief against Animal Hospital,  the Court GRANTS Animal Hospital's Motion to Dismiss. However, consistent with Ninth Circuit case law,  *Chudacoff v. University Med. Cent. of Southern Nev.,* 649 F.3d 1143, 1152 (9th Cir.2011), as well as Animal Hospital's own admission, Dkt. 45, at 4 ("The proper way to cure the deficiencies in the Complaint is to amend. . ."), the Court does so with Leave to Amend.

If Rehms wishes to pursue a libel/slander claim against Animal Hospital, she must amend her Complaint to include the "who, what, where, when, why, and how" of the incident in order to preliminarily show that those facts meet the elements of that cause of

---

a mere six times in Rehms's Complaint. Three of those references (Dkt. 5, at ⁋⁋ 3.1, 3.5, 3.13) are geographical in nature, i.e. outlining where Rehms or officers were located when certain events took place; two of those references are in a single paragraph (*id.* at ⁋2.19) alleging Animal Hospital made libelous statements against Rehms; and the final reference is related to who made the 911 call (*id.* at ⁋3.3). Critically, Rehms does not mention Animal Hospital or the 911 call *at all* in her actual slander/libel claim. *Id.* at ⁋⁋ 13.67–13.75. All of the allegations in that cause of action relate to other Defendants.

action against that defendant. *See Larrea v. State of Idaho, et. al.*, 2022 WL 17620751, at \*2 (D. Idaho Dec. 13, 2022); *Dana v. Tewalt*, 2022 WL 3598311, at \*4 (D. Idaho Aug. 23, 2022).

## V. ORDER

The Court HEREBY ORDERS:

1. Animal Hospital's Motion to Strike (Dkt. 45) is GRANTED.

2. Animal Hospital's Motion to Dismiss is (Dkt. 40) is GRANTED with Leave to Amend.

3. Rehms may, if she so chooses, amend her Complaint consistent with the Court's analysis above. Any Amended Complaint must be filed within 30 days of the date of this order.

DATED: December 22, 2022

David C. Nye
Chief U.S. District Court Judge