UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CORRIE M. REHMS,<br><br>　　　　Plaintiff,<br>vs.<br><br>CITY OF POST FALLS, et. al,<br><br>　　　　Defendants. | Case No. 2:22-cv-00185-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Corrie Rehms's Motion to Amend Complaint. Dkt. 56.

Because oral argument would not significantly aid its decisional process, the Court decides the motion on the briefing. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

Upon review, and for the reasons set forth below, the Court GRANTS the Motion.

## II. BACKGROUND

On May 10, 2022, Rehms filed her Complaint (Dkt. 5) alleging a variety of claims against a variety of defendants. The claims all stem from her arrest for Driving Under the Influence on June 9, 2020.[1]

On July 18, 2022, the Court entered a Scheduling Order setting forth the relevant deadlines the parties were required to comply with in this case. Dkt. 35. Relevant today, the deadline to amend the pleading and join parties was set for September 23, 2022. *Id*.

---

[1] A more complete factual history can be found in the Court's prior decision. *See* Dkt. 48, at 2–4. The underlying facts are not particularly relevant to the Court's decision today and are not included here.

MEMORANDUM DECISION AND ORDER - 1

On February 28, 2023, Rehms filed the instant Motion to Amend. Dkt. 56. In her short Motion, Rehms simply explains that during discovery she was able to ascertain the identity of certain Defendants—previously listed in her Complaint as "John and Jane Does 1-10"—and would like to amend to correctly identify those persons. *Id*. Defendants—or at least those affected by the Motion[2]—oppose Rehms's request.

### III. LEGAL STANDARD

"Once [a] district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 . . . establish[ing] a timetable for amending pleadings," Rule 16's standards control any motion to amend the pleadings. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Rule 16 provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). If the party seeking amendment establishes "good cause" under Rule 16, the party then must demonstrate that amendment is, nevertheless, proper under Rule 15. *Johnson*, 975 F.2d at 609.

Rule 16's good cause inquiry focuses primarily on "the diligence of the party seeking the amendment." *Id.* "Rule 16 was designed to facilitate more efficient disposition of cases by settlement or by trial. If disregarded it would 'undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.'" *Walker v. City of Pocatello*, 2017 WL 1650014 at *1 (D. Idaho May 1, 2017) (quoting *Johnson*, 975 F.2d at 610). The Ninth Circuit has instructed that a "district

---

[2] Defendant River City Animal Hospital PLLC has not taken a position on the motion. When the Court uses the term "Defendants" herein, it is referring to all Defendants except River City Animal Hospital.

MEMORANDUM DECISION AND ORDER - 2

court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609 (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). Put simply, "good cause" means scheduling deadlines cannot be met despite a party's diligence. 6A Wright, Miller & Kane, Federal Practice and Procedure § 1522.1 at 231 (2d ed.1990).

Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Leave to amend lies within the sound discretion of the trial court, which "must be guided by the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). The Rule 15 "policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (cleaned up).

## IV. DISCUSSION

In her Motion, Rehms asks the Court to allow amendment so she can substitute three individuals (Ben Whipple, Shannon Malone, and Jack Traw) for previously designated "John and Jane Doe" Defendants. She claims that under Rule 15's liberal standards, the Court must allow her to amend because justice requires.

For their part, Defendants assert these three individuals were disclosed in their initial disclosures many months ago as persons who may have information about the case and/or were working during the times noted in Rehms's Complaint. Dkt. 57, at 2–3. They contend Rule 16 applies and, under that standard, Rehms cannot show she has been diligent in bringing her motion before because she could have easily done so before the applicable

deadline. *See generally id.*

In reply, Rehms continues to assert Rule 15 governs and argues she was diligent in bringing the present motion because she filed it shortly after amending her complaint pursuant to the Court's order on a prior motion to dismiss. Dkt. 58.

To begin, Rule 16 is the correct standard because a scheduling order was in place. Thus, the "good cause" inquiry applies.

Here there is good cause to allow amendment. The deadline to amend was September 23, 2022. On August 5, 2022, Defendant River City Animal Hospital filed a motion to dismiss. Dkt. 40. Briefing—and a Motion to Strike (Dkt. 45)—followed. Those matters became ripe on October 12, 2022. The Court issued its decision on December 22, 2022. Dkt. 48. Therein, it gave Rehms until January 20, 2023, to amend her complaint. *Id*. On January 20, 2023, Rehms dutifully filed her amended complaint remedying the deficiencies outlined in the Court's decision. Dkt. 49. Roughly one month later, Rehms filed the instant motion.

The Court is not implying the existence of pending motions negates other applicable deadlines. A party is expected to be aware of, and comply with, all applicable deadlines regardless of whatever else is happening in the case. And to be sure, Rehms could have made the changes she seeks to make now before filing the amended complaint required by the Court's other ruling or even *in conjunction with* that filing.[3] But the fact she did not do

---

[3] That said, doing so could have complicated the pending motion to dismiss and/or the subsequent amended complaint; thus, the Court understands Rehms's hesitation to make more changes when some were already under advisement by the Court.

MEMORANDUM DECISION AND ORDER - 4

so then does not preclude her from doing so now.

Finally, Defendants do not indicate *any* prejudice were the Court to allow amendment. Presumably because there is none. No new claims were added. Including the case caption, the change at issue here is simply ten replacements of proper names for unknown Does. And only one of those changes is within an actual claim. Critically, discovery has already been done as it relates to these individuals. And they are already included—albeit in a nameless fashion as "law enforcement" or "officers"—in Defendants' pending Motion for Summary Judgment. Dkt. 63-1.[4]

In sum, the Court finds there is good cause for the amendment and that Rehms was diligent in bringing the motion.

Now, from a procedural standpoint, the Court's ruling presents a small issue that must be addressed. In granting Rehms's Motion, a new Complaint will be filed. This will necessitate a new Answer. It also means that any references to the prior complaint in the pending motions for summary judgment are now obsolete.

The Court agrees with Rehms that the amended complaint is necessary to "bring it into conformity with the current case law and to avoid needless litigation." Dkt. 56-1, at 2. It will also bring the complaint into conformity with the facts as have been developed during discovery.

Bringing the remaining documents into conformity should not be difficult either but

---

[4] To be candid, the Court does not know why Defendants opposed the motion here. Yes, Rehms's request was after the deadline. But there is no prejudice *at all* to Defendants in allowing the amendment. They know these Defendants exists; they did discovery about them and their actions; and they included them in their motion for summary judgment. While procedural rules are important, there was no need to oppose the motion here simply because Rehms's filed it after the deadline.

MEMORANDUM DECISION AND ORDER - 5

will require some work from Defendants. They can file their Amended Answers or even a simple notice that their prior answer stands and indicate any additions/modifications. Defendants can also modify their pending motion for summary judgment if they desire or indicate (via a short 2-page supplement) any necessary changes/modifications that are relevant.

The Court does not, however, want the procedural aspects of lining up the new complaint/answer/briefs to interfere with the trajectory of the case or cause further confusion and delay.

## V. ORDER

The Court HEREBY ORDERS:

1. Rehms's Motion to Amend (Dkt. 56) is GRANTED.

2. Rehms should file a clean version of her Amended Complaint (Dkt. 56-2) within seven days of the date of this order.

3. If the parties would like additional time as it relates to the current briefing schedule to allow for amendments and/or minor modifications, they should contact the Court's law clerk, Bennett Briggs, to discuss new deadlines.

DATED: May 15, 2023

_____
David C. Nye
Chief U.S. District Court Judge